IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENERAL SCIENTIFIC CORPORATION d/b/a SURGITEL, <br><br> Plaintiff, <br><br> v. <br><br> DEN-MAT HOLDINGS, LLC, <br><br> Defendant. | Civil Action No. 21-882-CFC |

Melanie K. Sharp and James L. Higgins, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; J. Michael Huget, HONIGMAN LLP, Ann Arbor, Michigan; Scott D. Barnett, HONIGMAN LLP, Bloomfield Hills, Michigan

    *Counsel for Plaintiff*

Brian P. Egan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Todd J. Tiberi, TIBERI LAW OFFICE P.C., Santa Monica, California

    *Counsel for Defendant*

### **MEMORANDUM OPINION**

October 7, 2021
Wilmington, Delaware

_[signature]_
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiff General Scientific Corp. d/b/a SurgiTel has sued Defendant Den-Mat Holdings, LLC for willful infringement of U.S. Patent Nos. 8,047,684 and 8,662,709. D.I. 1 ¶ 1. Pending before me is Den-Mat's motion to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a). D.I. 9.

## I. BACKGROUND

SurgiTel and Den-Mat both sell headlights and other accessories for medical and dental practitioners. D.I. 1 ¶ 7; D.I. 10 at 1. SurgiTel is a Michigan corporation with its principal place of business in Ann Arbor, Michigan. D.I. 1 ¶ 2. Den-Mat's principal place of business is in Lompoc, California. D.I. 1 ¶ 3. Den-Mat is registered as a limited liability company in Delaware. D.I. 10 at 1.

## II. DISCUSSION

### A. Legal Standards

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Den-Mat contends, and SurgiTel does not dispute, that this action could have been brought

in the Central District of California.[1] D.I. 10 at 4. Thus, the only issue before me is whether I should exercise my discretion under § 1404(a) to transfer the case to the Central District of California.

---

[1] I note that Den-Mat never addressed in its briefing whether venue properly lies in Delaware; and SurgiTel never addressed in its briefing whether venue properly lies in California. Section 1400(b) of Title 28 provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." SurgiTel alleged in its Complaint that venue is proper in this district "because Den-Mat resides in the district." D.I. 1 ¶ 6. Den-Mat alleges in its briefing that venue properly lies in the Central District of California because it has a regular and established place of business there.

It's not clear to me that a Delaware LLC "resides" in Delaware for purposes of § 1400(b). Although residency is not synonymous with citizenship, the terms are related; and an LLC's citizenship for purposes of deciding whether diversity jurisdiction exists "is determined by the citizenship of each of its members," *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). In this case, I am unable to determine Den-Mat's state of citizenship because it has not expressly identified the persons and/or corporations who are its members. Den-Mat certified in its Rule 7.1 disclosure statement that its "parent company" is an LLC. D.I. 13. It seems likely to me that the parent LLC is Den-Mat's sole member, but I can't be sure of that. In any event, Den-Mat did not identify the members of its parent LLC, and to determine the citizenship of an LLC, courts proceed up the chain of ownership until they determine the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC, *see United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020); *Aloise v. Giant of Maryland, LLC*, 2013 WL 1222776, at *2 (D. Del. Mar. 26, 2013).

The Supreme Court held in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1517 (2017) that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." Although the defendant in *TC Heartland* was a Delaware LLC, the Court treated it as a corporation because the plaintiff had pleaded in its complaint that the defendant was a corporation and the defendant had admitted that allegation in its answer to

2

Defendants have the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). This burden is heavy. "[U]nless the balance of convenience of the parties is *strongly* in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Id.* (emphasis added) (internal quotation marks and citation omitted).

Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the Third Circuit identified in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), 12 interests "protected by the language of § 1404(a)." *Id.* Six of those interests are private:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (internal citations omitted). The other six interests are public in nature:

---

the complaint. *Id.* at 1517 n.1. As the Court noted: "Because this case comes to us at the pleading stage and has been litigated on the understanding that [the defendant] is a corporation, we confine our analysis to the proper venue for corporations. We leave further consideration of the issue of [the defendant's] legal status to the courts below on remand." *Id.* Accordingly, it does not necessarily follow from *TC Heartland* that under § 1400(b) an LLC resides in the state in which it is formed.

3

>[7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). As the parties have not identified relevant factors beyond these 12 interests, I will balance the *Jumara* factors in deciding whether to exercise the discretion afforded me by § 1404(a).

### 1. Plaintiff's Forum Preference

In *Shutte,* the Third Circuit held that "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request" brought pursuant to § 1404(a), and that this choice "should not be lightly disturbed." 431 F.2d at 25 (internal quotation marks and citation omitted). *Jumara* cited *Shutte* favorably and reiterated *Shutte*'s admonition that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879 (internal quotation marks and citation omitted). Accordingly, this factor weighs strongly against transfer.

### 2. Defendant's Forum Preference

This factor weighs in favor of transfer.

### 3. Whether the Claims Arose Elsewhere

It is undisputed that Den-Mat designed and developed the accused products at its California headquarters and elsewhere outside of Delaware, and that it has not sold any accused products in Delaware. Accordingly, this factor favors transfer.

### 4. The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

All of Den-Mat's potential party witnesses, documents, books, and records are in the Central District of California, while all of SurgiTel's employees, party witnesses, including the named inventor on the patents-in-suit, documents, books, and records are located outside of Delaware. SurgiTel's expense and effort to appear in Los Angeles versus Wilmington would be roughly the same. Accordingly, this factor favors transfer.

### 5. The Convenience of Witnesses

According to Den-Mat, this factor favors transfer because a former Den-Mat employee who is a "potential key witness may be unavailable for trial in Delaware but available for trial in California," where he is employed and therefore "within the subpoena power of the Central District of California." D.I. 10 at 9–10. SurgiTel writes off Den-Mat's concerns about the unavailability of the key witness as "mere speculation." D.I. 14 at 9. But it is true that the witness is located in California and cannot be compelled by Den-Mat or this Court to testify in a trial in

5

Delaware. Moreover, in considering this factor, "the Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses, who have no direct connection to the litigation." *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 757 (D. Del. 2012), *mandamus denied sub nom. In re Altera Corp.*, 494 F. App'x 52 (Fed. Cir. 2012). Accordingly, this factor favors transfer.

### 6. Location of Books and Records

The parties agree that this factor is neutral. *See* D.I. 10 at 10; D.I. 14 at 10.

### 7. Enforceability of the Judgment

The parties agree that this factor is neutral. *See* D.I. 10 at 10; D.I. 14 at 10.

### 8. Practical Considerations

*Jumara* instructs me to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. This factor weighs strongly in favor of transfer. Neither Den-Mat nor SurgiTel has a connection with Delaware other than Den-Mat's registration here as a limited liability company. Witnesses and evidence are located in California but not in Delaware.

### 9. Relative Administrative Difficulty Due to Court Congestion

Given the districts' relative caseloads, this factor favors transfer. According to the most recent data provided by the Administrative Office of the United States

6

Courts, between July 1, 2020 and June 30, 2021 there were 942 weighted filings per judge in this District, as compared to 691 weighted filings per judge in the Central District of California. *See* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/06/30-1. Weighted filings "account for the different amounts of time district judges require to resolve various types of civil and criminal actions." Admin. Office of the U.S. Courts, *Explanation of Selected Terms*, https://www.uscourts.gov/sites/default/files/explanation-selected-terms-district-march-2012_0.pdf. Cases that require substantially more judicial resources than the average civil case because of their complexity and scope receive a higher weight. *Id.*

I am also of the view that the weighted filing figures do not always accurately reflect the burdens imposed on district courts by patent cases, which are especially complex and time-consuming to adjudicate. According to data aggregated by the LexisNexis Litigation Analytics tool, as of October 2, 2021, there were 996 open patent cases in the District of Delaware as compared to 233 open patent cases in the Central District of California.[2] The disparity in the courts'

---

[2] *Courts & Judges Comparator, Comparison Between District of Delaware (D.Del) and Central District of California (C.D.Cal) for Cases Pending Between 2009-01-01 and 2021-10-02*, LEXISNEXIS (last visited Oct. 7, 2021) (on file with court).

7

burdens is compounded by the fact that the District of Delaware currently has only four sitting district judges, while the Central District of California has thirty sitting district judges, only eight of whom have taken senior status. *See* https://www.cacd.uscourts.gov/sites/default/files/seniority-list.pdf.

Since the number of weighted filings and patent filings is significantly higher in the District of Delaware than in the Central District of California, this factor favors transfer.

### 10. Local Interest in Deciding Local Controversies at Home

This factor is neutral, since, as a general rule, "patent issues do not give rise to a local controversy or implicate local interests," *TriStata Tech., Inc. v. Emulgen Lab'ys, Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008), and neither party has identified to my satisfaction a local interest that favors Delaware or California.

### 11. Public Policies of the Fora

Den-Mat is a Delaware LLC but it is headquartered and conducts the vast bulk of its business operations in California. SurgiTel has no notable connections to Delaware or California. Neither party identified to my satisfaction the existence of a public policy in Delaware or California that bears on the transfer analysis. Accordingly, this factor is neutral.

### 12. Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases

SurgiTel's claims arise under federal patent law. Therefore, the familiarity of the respective districts with state law is not applicable and this factor is neutral.

* * * *

In sum, of the 12 *Jumara* factors, five factors are neutral, one factor weighs strongly against transfer, and six factors weigh in favor of transfer. Having considered the factors in their totality, I find that Den-Mat has demonstrated that the *Jumara* factors weigh strongly in favor of transfer. I will therefore grant its motion to transfer the case to the Central District of California.

The Court will issue an Order consistent with this Memorandum Opinion.

9